996 So.2d 940 (2008)
Jean HUNT and Robert Hooper, Jr., Appellants,
v.
Mary Kaye HOOPER and Hooper Trust UTD March 15, 2002, Appellees.
No. 2D07-3162.
District Court of Appeal of Florida, Second District.
December 12, 2008.
Kimberly L. Sharpe and Charles A. Samarkos of Johnson, Pope, Bokor, Ruppel & Burns, LLP, Clearwater, for Appellants.
John E. Slaughter, Jr., and Theo J. Karaphillis, Clearwater, for Appellees.
STRINGER, Judge.
Jean Hunt and Robert Hooper, Jr. ("the Children"), seek review of the trial court's order dismissing their action alleging undue influence and breach of fiduciary duty against Mary Kaye Hooper ("the Trustee") individually and as trustee of the Hooper Trust. The trial court dismissed the action with prejudice pursuant to section 737.203, Florida Statutes (2006), which applies the concept of forum non conveniens to actions involving trusts. The trial court found that the more appropriate forum for litigation in this case is Canada. We reverse based on our determination that section 737.203 is inapplicable because the alternative forum is a foreign country, as opposed to a state.
The Children are the adult children of Robert F. Hooper, Sr. ("the Father") who was the cotrustee of the Hooper Trust until his death in 2005. In December 2006, the Children filed a three-count complaint against the Trustee and the Hooper Trust in Pinellas County, Florida. The complaint set forth claims for undue influence (count I), breach of fiduciary duty (count II), and for an accounting (count III). The Trustee filed a motion to dismiss all three counts of the complaint on several grounds, one of which was the application of section 737.203. The Trustee claimed that Canada was the more appropriate forum for the action.
At the hearing on the Trustee's motion to dismiss, the Children agreed not to proceed with their claim for an accounting as set forth in count III but defended *941 against the motion to dismiss as it pertained to counts I and II. The trial court granted the motion to dismiss with prejudice, finding that dismissal was proper under section 737.203 because the Trustee was domiciled in Canada, the Father and the Trustee were married in Canada and maintained their primary residence there, the Trustee did not conduct any business in Florida, all trust administration occurred in Canada, the trust property was located in Canada, and none of the beneficiaries were located in Florida.
On appeal, the Children raise several arguments against the general application of section 737.203 in this case. We find merit in the Children's argument that section 737.203 does not apply because the alternative forum is a foreign country. Section 737.203 states:
Over the objection of a party, the court shall not entertain proceedings under s. 737.201 for a trust registered, or having its principal place of administration, in another state unless all interested parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration. The court may condition a stay or dismissal of a proceeding under this section on the consent of any party to jurisdiction of the state where the trust is registered or has its principal place of business, or the court may grant a continuance or enter any other appropriate order.
Under the plain language of section 737.203, "the court shall not entertain proceedings under s. 737.201 for a trust registered, or having its principal place of administration, in another state." (Emphasis added.) There is no indication in the statute that it intends its reach to be broader than its plain language suggests, and we have found no cases applying section 737.203 to trusts whose principal place of administration is a foreign country. Furthermore, we have serious concerns regarding the ability of the courts in many foreign countries to apply Florida law in construing a dispute like the one in this case.
Because we conclude that section 737.203 is inapplicable to this case, we reverse the trial court's order dismissing the Children's action against the Trustee. We note that the Trustee raised a jurisdictional argument in her motion to dismiss that the court did not rule upon. The Trustee should not be prohibited from pursuing this argument on remand. We also note that the Trustee is not precluded from raising any objections to venue upon traditional forum non conveniens grounds on remand.
Reversed and remanded.
ALTENBERND, J., Concurs specially with opinion.
CASANUEVA, J., Concurs in result only.
ALTENBERND, Judge, Specially concurring:
I concur in this opinion, but I am not entirely convinced that the language of section 737.203[1] can be categorized as "plain language" for purposes of statutory interpretation. Arguably, "state" is ambiguous in that it could refer to a state within the United States or a foreign "state." I am not aware of any trustworthy documentation that would reveal the legislature's intent in this particular circumstance, but the purpose of the statute *942 does not suggest to me that "state" should be read to include foreign states. I doubt that a reasonable legislature would choose to send such disputes to any and all foreign states, including those that do not share our traditions of due process and the rule of law. In this context, I believe it is our obligation to read the statute narrowly.
If the legislature wishes to expand the statute to include foreign states, they certainly have the ability to clarify their policy. Notably, in chapter 55, Florida Statutes (2006), regarding judgments, the legislature distinguishes between "foreign judgments," which it defines as a "judgment, decree, or order of a court of any other state or of the United States," see § 55.502(1), and "out of country foreign judgments" that are obtained from "foreign states," see § 55.602. See also § 61.503(15), Fla. Stat. (2007) (defining "state" for the purposes of chapter 61 as "a state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States") and § 61.506(1) (indicating a court "shall treat a foreign country as if it were a state" under certain sections of chapter 61); cf. § 39.806(1)(d)(2), Fla. Stat. (2006) (using the more general term "jurisdiction" and describing a "substantially similar offense" "whether that of another state, the District of Columbia, the United States, or any possession or territory thereof, or any foreign jurisdiction").
NOTES
[1] The text of section 737.203, which was repealed and renumbered effective July 1, 2007, see ch. 2006-217, §§ 2, 48, 49, Laws of Fla., now appears in section 736.0205, Florida Statutes (2007).